JONATHAN ALSTON *v.* HENRIETTA C. ROSS.

One who has undertaken to build a house by the job, according to a plan agreed on, cannot claim an increase of pay for extra work, unless he proves that it was done at the request of the other party. C. C. 2734.

APPEAL, from the Parish Court of New Orleans, *Maurian*, J.

MARTIN, J. This suit is brought for the balance of the price of houses built for the defendant, according to a contract, and for extra work. The defendant pleaded the general issue, but admitted, that she was indebted to the plaintiff in the sum of $963, and claimed damages, in reconvention, for the plaintiff's delay in delivering the houses ; for his failing to put eleven sets of window shutters to the houses ; and for neglecting to make a fence of one hundred feet in length, and to paint the houses in a workmanlike manner. In a supplemental answer, the defendant claimed in compensation a sum which she had been compelled to pay for the plaintiff, since her original answer. The court sustained the plaintiff's claim for $1031 04½, disallowed the defendant's claim

in reconvention, except for $75 on account of the painting, and allowed the plea in compensation, leaving a balance of $1031 04½ for which the plaintiff had judgment, and the defendant appealed. Her counsel admits, that the claim in the petition would not have been objected to, if the plaintiff had complied with his contract, and the extra work had been done at her request: We do not think that the Judge erred in concluding, that the testimony did not support the defendant's allegations that the houses were not built according to the contract, except as far as it relates to the painting, which he has allowed, on her plea in reconvention. But we think that he erred in allowing the claim for extra work, as it does not appear that any part of it was done at the defendant's request. Art. 2734 of the Civil Code. The defendant's claims in reconvention, except that which relates to the painting, were not sufficiently supported by the testimony. The court, in the plea of compensation, overlooked the payment of $21 paid by the defendant for fees, in addition to the $358 95 allowed. The defendant is, therefore, entitled to the sum of $165 for the extra work incorrectly allowed, and the $21 just mentioned, in all $186, which reduces the judgment appealed from, to $845 04½.

It is therefore ordered and decreed, that the judgment be annulled and reversed, and that the plaintiff recover, from the defendant, the sum of $845 04½ with legal interest from judicial demand until paid, and with costs in the Parish Court, and that he pay those of this appeal.

*Elmore* and *W. W. King*, for the plaintiff.

*G. Ross* and *Preston*, for the appellant.